Opinion delivered June 23, 1888.

## No. 6114.

## W. C. JOHNSTON *v.* THE STATE.

VERDICT—JUDGMENT.—THEFT comprehends other ingredients besides a fraudulent taking, each of which is equally essential to constitute the offense. A verdict, therefore, which merely finds the accused guilty of a "fraudulent taking" of the property, and a judgment which adjudges him guilty of a "fraudulent taking" of the property, will not support a conviction for theft.

APPEAL from the District Court of Nolan.    Tried below before the Hon. William Kennedy.

The indictment charged the theft of four tons of coal, valued at more than twenty dollars.    The conviction was for the fraudulent taking of coal of a value less than twenty dollars, and the punishment assessed against the appellant was confinement in the county jail for twenty-four hours, and a fine in the sum of two hundred and fifty dollars.

The rulings of the court do not involve the facts proved on the trial.

*F. G. Thurmond* and *Ragland & Beal,* for the appellant.

*W. L. Davidson,* Assistant Attorney General, for the State.

WHITE, PRESIDING JUDGE.    Appellant was indicted for the theft of four tons of coal.    Upon the trial, the verdict of the jury was in the following words, viz.: "We, the jury, find the de-

fendant, W. C. Johnston, guilty of fraudulently taking the coal described in the indictment, of less value than twenty dollars, and assess his punishment at twenty-four hours imprisonment in the county jail, and a fine of two hundred and fifty dollars, and costs.    Thomas E. Douthit, Foreman."

Upon this verdict the court rendered a judgment as follows, viz.:   "It is therefore considered and adjudged by the court that the defendant, W. C. Johnston, is guilty of the offense of fraudulently taking coal described in the indictment, of less value than twenty dollars, as found by the jury, and that he be punished as has been determined by the jury, by confinement in the county jail," etc.

It will be seen that neither the verdict nor the judgment find and adjudge the defendant guilty of the *theft* of the coal, but only guilty of *"fraudulently taking"* the same.   Had the verdict and judgment recited that the defendant was found guilty by the one, and adjudged guilty by the other, "of fraudulently taking the coal as alleged (or charged) in the indictment, and of less value than twenty dollars," such finding and judgment would have been sufficient because the indictment alleged a fraudulent taking, accompanied and combined with all the other constituent elements of theft.   The word "described," as used both in the verdict and judgment, evidently refers to a description of the coal, and not to the allegations of the indictment.

Whilst a "fraudulent taking" may or may not be theft, the term, certainly, though used in the definition as an element, is not synonymous with theft as defined by our statute.   (Penal Code, article 724.)   Theft is composed of other elements and ingredients, each of which is as important and essential to constitute the crime as is a "fraudulent taking."   The defendant may have been guilty "of fraudulently taking the coal described in the indictment," and yet not have been guilty of the theft of said coal.   If he was not guilty of the theft, then the conviction can not stand, for he was charged with, and could only be legally tried for, theft; he could not be convicted under the indictment of any character of fraudulent taking which might fall short of the full measure of theft under our law.

It is manifest that neither does the verdict find him guilty nor the judgment adjudge him guilty of the theft of the coal, and that both are insufficient to sustain the conviction.

The judgment is reversed and the cause remanded.

Opinion delivered June 23, 1888.    *Reversed and remanded.*